UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
NICHOLAS AIOLA,

                         Plaintiff,

      -against-                        **REPORT AND RECOMMENDATION**
                                                  15-CV-64 (ADS)(AYS)

MALVERNE UNION FREE SCHOOL
DISTRICT, MALVERNE UNION FREE
SCHOOL DISTRICT BOARD OF EDUCATION,
SPIROS COLAITIS, JAMES BOSWORTH, and
JAMES HUNDERFUND

                         Defendants.
----------------------------------------------------------X

**SHIELDS, United States Magistrate Judge:**

       Plaintiff Nicholas Aiola ("Aiola" or "Plaintiff") commenced this employment discrimination in New York State Court. After the filing of an amended complaint in that forum, see Docket Entry "DE" 27-2, Defendants removed the case to this Court. Following that removal Defendants moved, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss. The District Court's decision on Defendants' motion dismissed certain claims, allowed others to remain, and granted Plaintiff leave to move to amend to properly assert wage and hour claims. That motion to amend is presently before this Court. For the reasons set forth below, this Court respectfully recommends that the motion be denied.

BACKGROUND

I.     Procedural History

       Plaintiff's Amended Complaint, the pleading removed to this Court, asserted claims of employment discrimination based upon both disability and national origin. He also alleged a claim of defamation and asserted that he was denied overtime compensation in violation of Section 220 of the New York State Labor Law §220. See DE 27-2.

1

On February 18, 2016, Defendant moved for partial dismissal of the Amended Complaint. DE 8. The Honorable Arthur D. Spatt granted the motion in part. Specifically, Judge Spatt dismissed Plaintiff's claims of national origin discrimination (which alleged both direct discrimination and hostile environment) for failure to state a claim. The Court denied the motion to the extent it sought dismissal of an aiding and abetting claim against Defendant Hunderfund for disability discrimination, but granted the motion to dismiss the aiding and abetting claim with respect to all individual defendants as to the previously dismissed claim of national origin discrimination. The cause of action alleging a wage and hour claim in violation of NYLL § 220 was dismissed as procedurally defective. DE 17 at 34-35.

Plaintiff conceded the procedural defect as to his Labor Law claim and requested that he be "permitted to 'replead his claim for unpaid overtime under NYLL 663 and the [FLSA].'" DE 17 at 39. Noting Plaintiff's failure to properly move to amend pursuant to Rule 15 of the Federal Rules of Civil Procedure, Judge Spatt held Plaintiff's request to amend to be procedurally improper. The Court therefore denied the request to amend, without prejudice to properly move under Rule 15. In light of the fact that there was no Rule 15 motion before the Court, Judge Spatt specifically declined to rule as to the futility of any amendment.

Following Judge Spatt's decision, this Court held an initial conference. At that time, a discovery schedule was set for the remaining claims. At the conference, counsel agreed that the claims surviving Judge Spatt's decision consist of Federal and State claims of disability discrimination, failure to accommodate and retaliation, as well as New York State law claims of aiding and abetting disability discrimination (alleged against the individual defendants), and a claim of defamation. See Minute Order dated September 1, 2015. On October 15, 2015, this Court held a status conference, where Plaintiff expressed that he would be seeking to amend the

complaint to assert a claim of unpaid overtime wages. This Court directed the Parties to confer and determine whether they could agree as to the proposed amendment. See Order dated October 15, 2015. Counsel thereafter informed this Court they could not agree to the amendment, at which time this Court set a briefing schedule. See Order dated December 15, 2015. The motion is now fully briefed, and ripe for decision.

## DISCUSSION

I.      Legal Standard On Motion To Amend

Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings prior to trial. Fed. R. Civ. P. 15. Where, as here, leave of court is required to amend, the court has broad discretion to grant such leave "freely," "when justice so requires." Fed. R. Civ. P. 15(a)(2). Because amendments "tend to facilitate a determination on the merits," they are "generally favored." Zucker v. Porteck Global Servs., Inc., 2015 WL 6442414, at *4 (E.D.N.Y. 2015) (citations omitted). As stated by the Supreme Court, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). Thus, Rule 15 is construed liberally and courts have broad discretion to allow parties to add additional causes of action. Hartman v. County of Nassau, 2008 WL 1923127, at *18 (E.D.N.Y. 2008).

Despite the liberal construction generally afforded Rule 15, motions to amend are properly denied where they are founded in "undue delay, bad faith, futility, or prejudice to the non-moving party...." Mendez v. U.S. Nonwovens Corp., 2 F. Supp. 3d 442, 451 (E.D.N.Y. 2014). The non-movant bears the burden of demonstrating that the proposed amendment is improper. Blaskiewicz v. Cnty. of Suffolk, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998). An amendment is properly denied as futile if the proposed new claim "has no merit or fails to

3

demonstrate a cognizable or sufficient claim." Zucker, 2015 WL 6442414, at *4 (citing Lamothe v. Town of Oyster Bay, 2011 WL 4974804, at *9 (E.D.N.Y. 2011)). When determining futility, the court reviews the viability of the proposed claim pursuant to the same standard invoked with respect to a Rule 12 motion to dismiss. Lucente v. Internat'l Bus. Machs., Corp., 310 F.3d 243, 258 (2d Cir. 2002); Morritt v. Stryker Corp., 973 F. Supp. 2d 177, 183 (E.D.N.Y. 2013); Catholic Diocese of Rockville Centre v. Inc. Vill. of Old Westbury, 2012 WL 1392365, at *5 (E.D.N.Y. 2012). Under this familiar standard, the claim sought to be asserted must plead facts sufficient to support a plausible claim to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). As in the Rule 12 context, the Court considering futility construes the facts alleged by the party seeking to amend as true, and vies such facts in a light "most favorable" to the moving party. Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404 F.3d 566, 604 (2d Cir. 2005); see Hartman v. County of Nassau, 2008 WL 1923127, at *18 (E.D.N.Y. 2008) (citation omitted).

  II. Disposition of the Motion to Amend

    A. The Proposed Amended Complaint

 Plaintiff seeks to amend his complaint to add a claim of unpaid overtime compensation under the FLSA, 29 U.S.C. §207(o). See DE 28. Certain common facts stated in support of Plaintiff's claims for overtime compensation appear in Paragraphs 39-43 of his previous pleading, and in Paragraphs 44-47 of the proposed second amended complaint. Those facts state that Plaintiff suffered "a steady and gradual decrease in his paid overtime hours." DE 27-2 at ¶ 39; DE 27-3 at ¶ 44. Plaintiff further states that "other non-disabled employees" were granted "overtime as need to complete their jobs," while Plaintiff's requests were "repeatedly denied." DE 27-2 at ¶ 40; DE 27-3 at ¶ 45. In the original pleading before this Court, Plaintiff

acknowledges the district policy of granting compensatory time in lieu of overtime payments, DE 27-2 at ¶ 41. That policy is not set forth in the factual portion of the proposed amended pleading. Both pleadings assert, however, that overtime hours allotted to Plaintiff have been reduced by a total of fifty-six hours. DE 27-2 at ¶ 42; DE 27-3 at ¶ 46. In both pleadings, Plaintiff states that his concerns as to this alleged fifty-six hour reduction have not been addressed and that he has lost overtime pay. DE 27-2 at ¶ 43; DE 27-3 at ¶ 47.

In addition to these common factual allegations, the proposed amended complaint adds additional allegations of fact. Specifically, the proposed pleading asserts that Plaintiff worked over time "nearly every other week" between 2012 until January of 2014 in an amount totaling fifty-six hours, DE 27-3 ¶ 8. Plaintiff additionally alleges that in or about 2012, he "spoke to a payroll and benefits clerk employed by the Defendants regarding obtaining his overtime pay, but she never responded," id. ¶ 9. He further alleges that in response to a similar request made to Defendant Colaitis in 2014, he was "ultimately informed" that he was not owed any hours." DE 27-3 at ¶ 9.

The legal claim in the proposed amended complaint differs from that previously alleged in that Plaintiff's original wage and hour claim was pled only under Section 220 of the New York Labor Law. Specifically, that pleading alleged that Defendants failed, pursuant to the Labor Law, to "properly pay Plaintiff for overtime hours worked, and arbitrarily decreas[ed] his stored compensation time for overtime hours previously worked . . . ." DE 27-2 ¶ 81. Unlike the claim previously alleged, the wage and hour claim sought to be raised in the proposed pleading is asserted only under the FLSA. That claim notes that Section 207(o) of the FLSA allows public employers, like the defendant school district, to use "compensatory time off (at a rate of not less than one and one-half hours per hour of overtime compensation owed) in lieu of overtime pay."

DE 27-3 ¶ 88. Plaintiff asserts that despite Defendants' "long-standing practice" of granting such compensatory time off to its employees, they have deprived Plaintiff of fifty-six hours of such time. Plaintiff asserts that the denial of such pay constitutes a willful violation of the FLSA. DE 27-3 at ¶ 92. He seeks to be paid for the hours of overtime allegedly earned, as well as FLSA liquidated damages and attorneys' fees. DE 27-3 at ¶ 93.

### B.  Stating a Claim Under Section 207 of the FLSA

The FLSA's overtime provision mandates that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 110 (2d Cir. 2013) (citing 29 U.S.C. § 207(a)(1)). "Section 207(o) allows public employers [] to provide compensatory time off in lieu of overtime compensation, at a rate of one-and-a-half hours for every hour of overtime compensation required." Angiulo v. Cty. of Westchester, 2012 WL 5278523, at *2 (S.D.N.Y. 2012) (citing 29 U.S.C. § 207(o)(1)). "Section 207(o) permits states and their political subdivisions under certain circumstances to compensate their employees for time worked in excess of forty hours in a given week by paying them compensatory time at a rate of one and one half hours for every hour worked." Ramirez v. Riverbay Corp., 35 F. Supp. 3d 513, 525-26 (S.D.N.Y. 2014), appeal withdrawn (Dec. 8, 2014), appeal withdrawn (Dec. 9, 2014) (citing Christensen v. Harris Cty., 529 U.S. 576, 578 (2000)). To plausibly allege an FLSA overtime claim, "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." Lundy, 711 F.3d at 114 (citing 29 U.S.C. § 207(a)(1) (requiring that,

"for a workweek longer than forty hours," an employee who works "in excess of" forty hours shall be compensated time and a half for the excess hours)).

The Second Circuit has issued a series of decisions addressing the adequacy of pleadings in the FLSA overtime compensation context. In Lundy v. Catholic Health System of Long Island, the court stated that "[d]etermining whether a plausible claim has been pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" 711 F.3d at 114 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). The court further held that, "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." Id. at 114. In later cases, the Second Circuit found the pleading of an FLSA overtime claim to be insufficient in a case where the complaint alleged that overtime hours were worked, but did not "provide sufficient detail about the length and frequency of [the] unpaid work to support a reasonable inference that ... more than forty hours in a given week" were worked, Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 201 (2d Cir. 2013). Likewise, the Second Circuit has determined a complaint is insufficient if it simply "track[s] the statutory language of the FLSA, lifting its numbers and rehashing its formulation, but alleging no particular facts sufficient to raise a plausible inference of an FLSA overtime violation," Dejesus v. HF Mgmt. Servs., 726 F.3d 85, 89 (2d Cir. 2013); see Litras v. PVM Int'l Corp., 2013 WL 4118482, at *6 (E.D.N.Y. 2013).

    C.  The Parties' Positions

Plaintiff acknowledges that Section 207(o) of the FLSA allows public employers to grant compensatory time off in lieu of overtime pay. He claims however, that Defendants have ignored Plaintiff's requests for fifty-six hours of such compensation time. He therefore asserts

7

that the FLSA entitles him to be paid for those hours in the form of overtime wages. DE 27-3 ¶¶ 89-93.

Defendants argue the Court should deny Plaintiff's motion to amend to assert a claim under the FLSA because: (1) the proposed amendment is futile; (2) the proposed amendment is made in bad faith; and (3) the proposed amendment is prejudicial. DE 32. In support of the argument that the proposed amendment is futile, Defendants argue that Plaintiff's wage claims should not relate back to the filing of the original complaint and are therefore untimely. Defendants additionally argue that, even if the allegations were timely, they fail to state a claim.

        D.  <u>Plaintiff Does Not State a Valid FLSA Claim under 207(o)</u>

As noted above, Plaintiff alleges that he is owed a total of fifty-six hours of overtime compensation. In support of his claim, Plaintiff alleges only that he worked in excess of forty hours "nearly every other week" during the time period between 2012 through January of 2014. He neither states what weeks he worked overtime, nor the amount of overtime he worked in any given week. Indeed, Plaintiff does not provide any calculations as to how he arrived in determining that he is owed fifty-six hours of overtime compensation.

When weighed against the pleading standard set forth by the Second Circuit in the cases cited above, Plaintiff's allegations are plainly insufficient. Instead of pleading specific workweeks and overtime hours worked, Plaintiff alleges a blanket claim of fifty-six hours owed over a two year period. Absent from his complaint is any allegation of his hourly wage, an overtime wage or any calculation of overtime wages. While Plaintiff appears to concede having been granted some measure of compensatory time over the years of his employment at the District, he fails to account for any such time (or denial thereof) in his claim for FLSA wages. Under these circumstances, Plaintiff's pleading fails to set forth a proper FLSA claim for

overtime wages owed. Because Plaintiff has not provided "particular facts sufficient to raise a plausible inference of an FLSA overtime violation," he has not sufficiently alleged a violation of the FLSA. <u>Dejesus</u>, 726 F.3d 85 at 89. Accordingly, there is no question but that the claim sought to be raised in the proposed pleading would be properly dismissed on a Rule 12 motion. This Court, therefore, recommends denial of Plaintiff's motion to amend as futile.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion to amend, appearing on the docket as Docket Entry Nos. 27 and 28, be denied. This Court is aware that issues have arisen regarding Plaintiff's counsel, who is currently in the process of transferring this matter to a new law firm. This Court has therefore recently granted a request to extend the time in which discovery must be completed to May 1, 2016. <u>See</u> Letter Request dated March 31, 2016 (DE 36) and Order dated April 1, 2016. Nonetheless, in view of the facts that: (1) this matter was fully briefed prior to any request to change counsel, (2) this is Plaintiff's third pleading in this matter which has been pending for over a year and (3) even with the current extension, discovery is nearly complete, this Court also recommends that Plaintiff be denied any further opportunity to amend.

## **OBJECTIONS**

A copy of this Report and Recommendation is being provided to counsel via ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within fourteen (14) days will**

**preclude further review of this report and recommendation either by the District Court or Court of Appeals.** Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

Dated: Central Islip, New York
April 5, 2016

      /s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge