FILED
CLERK
4/20/2016 1:53 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
NICHOLAS AIOLA,

                              Plaintiff,         **ORDER**
                                                       15-cv-0064(ADS)(AYS)

    -against-

MALVERNE UNION FREE SCHOOL DISTRICT,
MALVERNE UNION FREE SCHOOL DISTRICT
BOARD OF EDUCATION, SPIROS COLAITIS, JAMES
BOSWORTH, and JAMES HUNDERFUND,

                              Defendants.
----------------------------------------------------------------x
**APPEARANCES:**

**Jonathan Tand and Associates**
*Attorneys for the Plaintiff*
990 Stewart Avenue, Suite 130
Garden City, NY 11530
        By:   Jonathan A. Tand, Esq.
                Gary R. Novins, Esq., Of Counsel

**Sokoloff Stern LLP**
*Attorneys for the Defendants*
179 Westbury Avenue
Carle Place, NY 11514
        By:   Brian Sokoloff, Esq.
                Melissa L. Holtzer, Esq., Of Counsel

**SPATT, District Judge:**

       On December 11, 2014, the Plaintiff Nicholas Aiola (the "Plaintiff") filed an amended complaint in the New York State Supreme Court against his former employer, the Defendant Malverne Union Free School District, as well as the District's Board of Education, its Assistant Superintendent for District Operations Spiro Colaitis, its Head of Maintenance James Bosworth, and its Superintendent James Hunderfund. The amended complaint alleged causes of action based on disability and national origin discrimination; retaliation;

1

aiding and abetting discriminatory conduct; common law defamation; and violations of the New York Labor Law's overtime wage requirement.

On January 7, 2015, the Defendants removed the action to this Court on the basis of federal question jurisdiction under the provisions of 28 U.S.C. § 1331.

On February 18, 2015, the Defendants moved under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) to dismiss the amended complaint.

On July 13, 2015, this Court issued a 42-page opinion granting in part and denying in part the Defendants' motion to dismiss. In particular, the Court granted the motion and dismissed the Plaintiff's claims based on national origin discrimination, and aiding and abetting such conduct. The Court also granted the motion and dismissed the Plaintiff's overtime claim under the New York Labor Law. However, the Court denied the motion with regard to the Plaintiff's claims based on disability discrimination and retaliation, and his claim against the individual Defendant Hunderfund based on aiding and abetting such conduct.

Further, the Court found that the Plaintiff's request for leave to further amend the amended complaint contained in his brief was not a procedurally proper cross-motion under Fed. R. Civ. P. 15, and denied that request without prejudice to renewal as a formal motion. The Court did not fix a deadline for the Plaintiff to do so.

On September 1, 2015, following an initial conference, United States Magistrate Judge Anne Y. Shields set a deadline of October 30, 2015, for any party to move to amend their pleading.

On October 15, 2015, Judge Shields held another status conference in this matter. A related Civil Conference Minute Order reflects that:

> Plaintiff['s then counsel] expressed that she will be seeking to amend the complaint to assert a claim of unpaid overtime wages. Plaintiff is directed to provide Defendant with a copy of the proposed pleading within two weeks of the date of this order. Defendant is to review the pleading and to advise Plaintiff's counsel, within one week of receipt of the proposed pleading, whether defendants will agree or object to the amendment. . . . Counsel are directed to advise this court as to whether or not there is agreement to the amended pleading or whether there will be a motion to amend.

See Minute Order dated Oct. 15, 2015, DE [23].

On December 14, 2015, the parties advised Judge Shields in a series of letters that they were unable to reach an agreement regarding Plaintiff's proposed amended pleading. Thus, the court established a briefing schedule for formal motion practice.

On January 6, 2016, the Plaintiff filed a motion pursuant to Fed. R. Civ. P. 15 for leave to file a second amended complaint. In particular, the Plaintiff sought to add a federal overtime wage claim under the Fair Labor Standards Act ("FLSA").

On April 5, 2016, Judge Shields issued a Report and Recommendation (the "R&R"), finding, in relevant part, that:

> In support of his [proposed] claim, Plaintiff alleges only that he worked in excess of forty hours "nearly every other week" during the time period between 2012 through January of 2014. He neither states what weeks he worked overtime, nor the amount of overtime he worked in any given week. Indeed, Plaintiff does not provide any calculations as to how he arrived in determining that he is owed fifty-six hours of overtime compensation.
>
> When weighed against the pleading standard set forth by the Second Circuit in the cases cited above [namely, Lundy v. Catholic Health Sys. of L.I., Inc., 711 F.3d 106 (2d Cir. 2013); Nakahata v. N.Y. Presbyterian Healthcare Sys., Inc., 723 F.3d 192 (2d Cir. 2013); Dejesus v. HF Mgmt. Servs., 726 F.3d 85, 89 (2d Cir. 2013)], Plaintiff's allegations are plainly insufficient. Instead of pleading specific workweeks and overtime hours worked, Plaintiff alleges a blanket claim of fifty-six hours owed over a two year period. Absent from his complaint is any allegation of his hourly wage, an overtime wage or any calculation of overtime wages. . . . Under these circumstances, Plaintiff's pleading fails to set forth a proper FLSA claim for overtime wages owed.

See R&R at 8-9.

Thus, "[b]ecause Plaintiff ha[d] not provided 'particular facts sufficient to raise a plausible inference of an FLSA overtime violation,'" Judge Shields concluded that the Plaintiff's proposed amendment would be properly dismissed on a motion under Fed. R. Civ. P. 12(b)(6) and was thus futile. Accordingly, she recommended to this Court that the Plaintiff's motion to amend be denied.

Further, in view of various relevant facts, including that: (i) the proposed second amended complaint was the Plaintiff's third pleading in this action; and (ii) discovery is nearly complete, Judge Shields recommended that this Court deny any further requests to amend the Plaintiff's complaint.

On April 5, 2016, counsel for both sides received copies of the R&R by way of the Court's electronic filing system. As clearly stated in the R&R, any objections to Judge Shields's findings and recommendations – or requests for an extension of time to file such objections – were due within fourteen days, or by April 19, 2016.

That deadline has now expired, and neither party objected to the R&R or sought an extension of time to do so. Accordingly, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result.

Accordingly, the April 5, 2016 Report and Recommendation by Magistrate Judge Shields is adopted in its entirety, and the Plaintiff's motion for further leave to amend his amended complaint is denied.

The Court notes that, according to the most recent scheduling order in this case, the deadline to complete discovery is May 1, 2016. The Court respectfully refers this matter

back to Judge Shields for a conference to assess the need, if any, for additional discovery, and to establish a timetable for setting a trial date.

It is **SO ORDERED**

Dated: Central Islip, New York
April 20, 2016   */s/ Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge